UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA L. WILSON,

        Plaintiff,

v.

MERRICK B. GARLAND,

        Defendant.

Case No. 22-cv-1383 (JMC)

## ORDER

Plaintiff Patricia L. Wilson asserts Title VII race discrimination claims against Defendant Merrick B. Garland, in his capacity as United States Attorney General, arising from her employment with the Federal Bureau of Investigation (FBI). ECF 1. Defendant has moved to partially dismiss this case for improper venue and failure to state a claim, or, in the alternative, to transfer it to the Eastern District of Virginia. The Court finds in the interest of justice that this matter should be transferred rather than dismissed. The Court thus **GRANTS** Defendant's motion to transfer.[1]

## I. BACKGROUND

Ms. Wilson is an African American woman who resides in Alexandria, Virginia. ECF 1 at 1, ¶ 4. She has been employed by the FBI as an information technology professional since 2006. *Id.* ¶ 6. Her race discrimination complaint arises from events that she alleges occurred between August 2017 and March 2018, when she worked in the FBI's Laboratory Division. The Laboratory

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

Division is in Quantico, Virginia. *Id.* ¶ 30. She alleges that Defendant forced her to compete for a Supervisory Management and Program Analyst Position (SMAPA) in the Laboratory Division after "three of her white colleagues … demanded that they be allowed to compete for it," and then promoted one of the white candidates over her. *Id.* ¶ 36. Ms. Wilson alleges that she was more qualified than the white candidate Defendant promoted, had already been successfully performing the SMAPA's job functions for years, and received perfect scores on her interviews for the position. *Id.* ¶¶ 16, 36. Ms. Wilson also alleges that the candidate Defendant ultimately promoted harassed her based on her race. *Id.* ¶ 36.

Ms. Wilson filed a complaint with the FBI, and the FBI investigated her claims and issued a report of investigation. *Id.* ¶ 31. Ms. Wilson then requested a hearing before the Equal Employment Opportunity Commission, but later withdrew that request and filed suit in this Court. *Id.*

## II.     LEGAL STANDARD

Defendant moves to partially dismiss the complaint for improper venue, Fed. R. Civ. P. 12(b)(3), and failure to state a claim, Fed. R. Civ. P. 12(b)(6). In the alternative, Defendant seeks to transfer this matter pursuant to 28 U.S.C. § 1404(a). The Court need only address Defendant's arguments concerning venue and transfer to resolve its motion.

In deciding a Rule 12(b)(3) motion, the court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Haley v. Astrue*, 667 F. Supp. 2d 138, 140 (D.D.C. 2009). However, the court is not obligated to accept the plaintiff's legal conclusions, *id.*, and it may also consider matters outside of the pleadings to determine whether venue is proper, *see Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

Under the weight of persuasive authority in this District, it is the plaintiff's burden to establish that venue is proper. *See id.*

If the court finds that a plaintiff has brought an action in the wrong venue, the court can "dismiss, or if it be in the interest of justice, transfer such a case" to the appropriate district. 28 U.S.C. § 1406(a). However, the interest of justice will usually require courts to transfer, as opposed to dismiss, a plaintiff's case. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).

Even if the Court determines that venue is proper, under 28 U.S.C. § 1404(a), the Court can, "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." A party moving for such a transfer bears the burden of establishing that its proposed venue is appropriate. *See SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978).

### III. ANALYSIS

The Court is not satisfied that Ms. Wilson has met her burden to establish, or that the Court has enough information to determine, that venue is proper in this District. However, the Court finds that transfer is appropriate under 28 U.S.C. § 1404(a) and transfers this case to the Eastern District of Virginia.

#### A. Plaintiff Has Not Established That Venue Is Proper Under Title VII

Generally, venue is proper in any district (1) where any defendant resides (if all defendants are residents of the State where the district is located); (2) where the events giving rise to the suit occurred; or (3) if "there is no district in which an action may otherwise be brought," in any district in which a defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). But a plaintiff bringing a Title VII claim must satisfy that statute's special venue provision. *See* 42 U.S.C. § 2000e-5(f)(3). Under that provision, venue is proper in a Title VII case: (1) "in any judicial district

in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." *Id.* A fourth prong provides that, if "the respondent is not found within any such district" set forth under the first three prongs, a plaintiff may bring an action "within the judicial district in which the respondent has his principal office." *Id.* Ms. Wilson has not established that this District is the appropriate venue under the statute.

Venue is not proper in this District under the first, third, and fourth statutory categories. All the unlawful employment practices she describes in her complaint occurred in FBI's Laboratory Division in Quantico, Virginia. *See generally* ECF 1. Ms. Wilson seems to concede this in her opposition; instead, arguing that her work in Virginia "supported the work of others in the District of Columbia." ECF 16 at 12. But the statute provides for venue in the District where the unlawful practices were "committed," not in any District that her work supported. *See* 42 U.S.C. § 2000e-5(f)(3). Similarly, she does not allege that she would have worked in this District "but for the alleged unlawful employment practice." *Id.* The promotion she sought was also in the Laboratory Division in Virginia. ECF 1 ¶¶ 30, 36. And while the FBI is headquartered here, Ms. Wilson cannot rely on the fourth, catch-all category because it only permits venue in the District where the defendant is headquartered if the defendant is "not found within any such district" provided for under the first three prongs. 42 U.S.C. § 2000e-5(f)(3). And as the Court has recognized, venue would be proper in the Eastern District of Virginia under the first and third prongs of Title VII's venue provision.

But the Court does not have sufficient information to determine whether venue is appropriate under the statute's second prong, which provides for venue in the district where the

4

records relevant to the alleged unlawful employment practices are "maintained and administered." *Id.* And that is a problem for Ms. Wilson, since it is her burden to establish that venue is proper in this District. *See Williams*, 792 F. Supp. 2d at 62. Ms. Wilson argues that records from the EEOC's administrative proceedings are housed in this District, but records of an administrative proceeding are not "employment records" under the statute. *See O'Meara v. McCarthy*, No. 19-cv-2130, 2020 WL 5569945, at *3 (D.D.C. Sept. 17, 2020). Her complaint does not allege that the relevant employment records are maintained and administered in this District. At best, Ms. Wilson argues in her opposition that "Defendant does not dispute that . . . the employment records are maintained and administered in the District of Columbia," ECF 16 at 12, but that is not correct. Defendant suggests that the relevant records are in Virginia. ECF 12-1 at 5. Moreover, claiming that Defendant does not dispute that the records are maintained in the District, particularly when Plaintiff has never alleged that they are, does not prove that the records are here. So, the Court cannot find that Plaintiff has satisfied her burden to establish venue under Title VII, at least without more information about where the relevant records are housed. But the Court need not get further clarification from the Parties on this matter because it finds that even if venue is proper in this District, transfer to the Eastern District of Virginia is nonetheless warranted.

### B. The Court Will Transfer This Matter Under 28 U.S.C. § 1404(a)

Even if venue is proper in this District, the Court may transfer this case to "any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. 1404(a). The decision whether to transfer an action, which falls "within the broad discretion of the district court," is guided by a set of private interest and public interest factors. *Virts v. Prudential Life Ins. Co. of Am.*, 950 F. Supp. 2d 101, 104 (D.D.C. 2013)

5

(first citing *Van Dusen v. Barrack*, 376 U.S 612, 622 (1964); and then citing *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 156–57 (D.D.C. 2008)).

As the Court has already found, Ms. Wilson could have brought this action in the Eastern District of Virginia. *See infra* Section IIIA. Balancing the relevant factors, the Court finds that the Eastern District of Virginia is the better forum for this case to be heard.

### 1. *Private Interest Factors Weigh In Favor of Transfer*

When assessing a motion to transfer, courts typically consider the following private interest factors: "1) the plaintiff's choice of forum, 2) the defendant's choice of forum, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience of the witnesses . . . and 6) the ease of access to sources of proof." *Pearson v. Rodriguez*, 174 F. Supp. 3d 210, 213 (D.D.C. 2016) (quoting *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32–33 (D.D.C. 2008)). These factors are either neutral or weigh in favor of transfer, which ultimately tips the scale in Defendant's favor. With respect to the factors that weigh in favor of transfer, Plaintiff's claims arose in the Eastern District of Virginia and the likely witnesses—the relevant decisionmakers and coworkers—also worked in the Quantico, Virginia office. Same for the sources of proof, although the Court recognizes that this District is not that far from the Eastern District of Virginia such that considerations regarding the location of witnesses and evidence are arguably neutral. Ms. Wilson also lives in Alexandria, Virginia. While courts generally defer to a plaintiff's choice of forum, *Gyau v. Sessions*, No. 18-cv-407, 2018 WL 4964502, at *2 (D.D.C. Oct. 15, 2018), that factor is afforded less weight where, as here, the plaintiff's preferred forum is not their home District, *see Saxton v. McDonough*, No. 21-cv-1706, 2022 WL 136796, at *4 (D.D.C. Jan. 14, 2022). That Defendant seeks to transfer this case to Ms. Wilson's home forum "weighs in favor of transfer." *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 90 (D.D.C. 2014).

### 2. *Public Interest Factors Weigh In Favor of Transfer*

Similarly, the public interest factors are either neutral or weigh in favor of transfer. Those factors include "the transferee district's familiarity with the governing law," "the relative congestion of the courts," and the "local interest in deciding local controversies at home." *Aracely v. Nielsen*, 319 F. Supp. 3d 110, 130 (D.D.C. 2018). This is a Title VII case, and other districts are equally familiar with federal law. *See W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013). So that factor is neutral. The "relative congestion" factor is also neutral based on recent data.[2] However, the "local interests" in deciding this case lie in Virginia, where all the events giving rise to this case occurred. *Id*. at 102 (quoting *Adams v. Bell*, 711 F.2d 161, 167 (D.C. Cir. 1983)). That final consideration makes transfer appropriate.

### IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to transfer this case to the Eastern District of Virginia. The Court does not rule on Defendant's motion to dismiss for failure to state a claim, which is best addressed by the Court who will be hearing this case.

The Clerk of the Court shall transfer this case to the Eastern District of Virginia.

**SO ORDERED.**

                                                                                                              _____

                                                                                                              JIA M. COBB
                                                                                                              United States District Judge

Date: March 31, 2024

---

[2] *See Table C1—U.S. District Courts—Civil Statistical Tables for the Federal Judiciary*, United States Courts (December 31, 2023), https://www.uscourts.gov/statistics/table/c-1/statistical-tables-federal-judiciary/2023/12/31.